# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JOSEPH HAMILTON,

Plaintiff,

v.

LIBERTY INSURANCE CORPORATION,

Defendant.

---

## NOTICE OF REMOVAL

---

Defendant Liberty Insurance Corporation ("Defendant" or "Liberty"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the District Court, Jefferson County, State of Colorado, to the United States District Court for the District of Colorado.  In support of said removal, Defendant states as follows:

### INTRODUCTION

1.      On February 27, 2018, Plaintiff initiated this action by filing his Complaint ("Complaint") in the District Court, Jefferson County, State of Colorado, Case No. 2018CV30330 (the "State Action").

2.      This lawsuit arises out of Plaintiff's demand for workers' compensation benefits as a result of a work-related accident that occurred on or about January 15, 2012.  Plaintiff's

Complaint purports to allege a single claim for relief against Defendant for Third-Party Bad Faith Breach of Insurance Contract.

## COMPLIANCE WITH THE RULES

3.      All procedural requirements related to the removal of this action have been satisfied.

4.      On April 30, 2018, Plaintiff served Defendant with a Summons and a copy of the Complaint in the State Action.

5.      This notice of Removal is filed within 30 days of the receipt by Defendant of the service of the Summons and Complaint, and is, therefore, timely pursuant to 24 U.S.C. §§ 1441 and 1446(b).

6.      Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1.  This includes a true and correct copy of the state court docket, which includes all state court pleadings, motions and other papers known to have been served on Defendant.

7.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint and Summons are attached to this Notice of Removal as **Exhibits A and B**, respectively.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff.

9.      Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2018CV30330, District Court, Jefferson County, Colorado.  A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

10.     Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

11.     Pursuant to Fed. R. Civ. P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

12.     Venue is proper in the District of Colorado because this District embraces the location where the State Action is pending.  *See* 28 U.S.C. § 1446(c).

## DIVERSITY JURISDICTION

13.     Plaintiff's Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because:  (a) the parties are residents of different states, and (b) the amount in controversy exceeds $75,000.

### A.     THE PARTIES ARE RESIDENTS OF DIFFERENT STATES

14.     Plaintiff is a Colorado citizen.  *See* **Exhibit A**, Complaint at ¶ 1 ("Plaintiff, Joseph Hamilton ("Hamilton"), at the time of the subject incident, resided at 10555 W. Jewell Ave Apartment 2-103, Lakewood, CO 80232 in Jefferson County.").  *See also* p. 11 of Complaint, which identifies Plaintiff's address as 1613 Allison St, #4, Lakewood CO 80214.

15.     Defendant is a citizen of the State of Illinois and the State of Massachusetts. Defendant is incorporated under the laws of the State of Illinois and maintains its principal place of business in Boston, Massachusetts.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

16.     For purposes of federal diversity jurisdiction, the parties are completely diverse.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

17.     While not waiving Defendant's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000.

18.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. §  1446(c)(2).

19.     In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint.  *Ronzio v. Denver & R.G.W.R. Co.,* 116 F.2d 604, 606 (10th Cir. 1940).  "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce."  *Id.; see also, McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose.)

20.     When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.  *Dart Cherokee Basin Operating Co.,* 135 S. Ct. at 553.  A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Id.* At 554.  Á notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained in the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Information relating to the amount in controversy in the record of the state

proceeding, or in response to discovery, shall be treated as an "other paper." 28 U.S.C.

§ 1446(c)(3)(A).

21.     Plaintiff confirms that the amount in controversy is greater than the $75,000

jurisdictional threshold by the filing of his District Court Civil (CV) Case Cover Sheet, attached

as **Exhibit D**.  In that filing, Plaintiff indicates that, "[a] monetary judgment over $100,000 is

sought by any party against any other single party.  This amount includes attorney fees, penalties,

and punitive damages; it excludes interest and costs, as well as the value of any equitable relief

sought."  The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either

being more or less than $100,000 and must be filed with each pleading containing an initial

claim for relief and shall be served on all parties along with the pleading.  *See* Colo.R.Civ.P. at

Form JDF 601.

22. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper'

under § 1446(b)(3)."  *See Paros v. Liberty Mutual*, 835 F.3d 1264, 1272-1273 (10th Cir.

2016).  As the Tenth Circuit Court of Appeals has concluded:

> . . . at least one federal district judge in Colorado has determined that
> the cover sheet is notice that starts the removal clock.  *See Henderson v.
> Target Stores, Inc.*, 431 F.Supp. 2d 1143, 1144 (D. Colo. 2006) (civil cover
> sheet is an 'other paper' that put the defendant on notice that the amount in
> controversy exceeded $75,000).  We think that view is sound. There is no
> ambiguity in the cover sheet. And we see no reason not to credit an assertion
> by an officer of the court on a matter of significant consequence in the state
> proceeding (whether or not simplified procedures will apply).

> *Id.*

23.     Accordingly, under *Paros,* the Civil Case Cover Sheet filed in the State Action

establishes that the amount in controversy is greater than $75,000.

24.      In addition, in his filed Complaint, Plaintiff demands actual damages, statutory damages, pre-judgment interest, attorneys' fees, and costs.  *See* **Exhibit A**, Complaint, Wherefore Clause at p. 10.  *Also see, e.g., Cox v. Lincoln Nat'l Life Ins. Co.,* 2013 WL 1412327 (D.Colo. 2010) (the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.,* 2013 WL 1414241 (D.Colo. 2013) (finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

25.      On December 4, 2015, Plaintiff, through his counsel, demanded that Defendant pay $200,000 "to resolve the bad faith claims."  *See* **Exhibit E**, a copy of counsel's e-mail.  *See also McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008) (a court may examine documentation beyond the complaint as a basis for determining the amount in controversy).

26.      Since Plaintiff's demand confirms that the amount in controversy exceeds $75,000.00, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

27.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Liberty Insurance Corporation requests that the action now pending in the District Court, Jefferson County, Colorado, Case No. 2018CV30330, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 21st day of May, 2018.

LEWIS ROCA ROTHGERBER CHRISTIE LLP


s/ *Lyndsay K. Arundel*
Lyndsay K. Arundel, Esq.
1200 17th Street, Suite 3000
Denver, CO 80202
Phone: (303) 623-9000
E-mail: larundel@lrrc.com

*Attorneys for Defendant*
*Liberty Insurance Corporation*


## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:


Robert N. Trigg, Esq.
Galloway Trigg, LLP
1873 S. Bellaire Street, Suite 1200
Denver, CO 80222
Phone: 303-226-4759
Fax:     303-226-4774
E-mail: bob@gtinjurylaw.com

*Attorneys for Plaintiff Joseph Hamilton*


s/ *Lyndsay Arundel*
Lyndsay Arundel